# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:12CV88-RJC-DSC

| | |
|---|---|
| INVUE SECURITY PRODUCTS INC., | ) ) ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** ) |
| v. | ) ) ) |
| MERCHANDISING TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (document #6), as well as the parties' briefs and exhibits. See documents ##6-1, 11 and 12.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be denied, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a declaratory judgment action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Plaintiff makes devices that assist retailers in securing products such as digital cameras and cellular telephones in order to prevent theft. Defendant is one of Plaintiff's direct competitors.

On June 29, 2010 and March 22, 2011 respectively, Defendant was issued two patents related to "a swivel assembly for use with a connector cable assembly in an electronic product display."

On February 1, 2012, Chris Remy, Defendant's CEO, sent a letter to Jim Sankey, Plaintiff's CEO, requesting that Plaintiff explain "specifically what difference exists between [Plaintiff's] products and" Defendant's patents. The letter further identified a specific product, the Series 1000 Swivel Camera Sensor, which Plaintiff is selling and intends to continue to sell, and asserted that those products "may incorporate the technology of the ... patents."

On February 9, 2012, Plaintiff filed its Complaint seeking a declaratory judgment that its product does not infringe on Defendant's patents.

On March 27, 2012, Defendant filed its Motion to Dismiss for lack of subject matter jurisdiction. Defendant contends that its letter was insufficient to meet the case-or-controversy requirement for issuance of a declaratory judgment.

Defendant's Motion has been fully briefed and is ripe for determination.

## II. **DISCUSSION**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

"The purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 956 (Fed. Cir. 1987). The Federal Circuit has expounded on this purpose as follows:

> [A] patent owner . . . attempts extra-judicial patent enforcement with
> scare-the-customer-and-run tactics that infect the competitive environment of the
> business community with uncertainty and insecurity. . . . Before the Act, competitors
> victimized by that tactic were rendered helpless and immobile so long as the patent

> owner refused to grasp the nettle and sue. After the Act, those competitors were no longer restricted to an in terrorem choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises; they could clear the air by suing for a judgment that would settle the conflict of interests.

Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1346 (Fed. Cir. 2005)(quoting Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 735 (Fed. Cir. 1988)).

Until 2007, the Federal Circuit employed a two-part test to determine the existence of a sufficient "case or controversy" in patent infringement cases under the Declaratory Judgment Act: (1) whether conduct by the patentee creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) whether conduct by the declaratory judgment plaintiff potentially constitutes infringing activity or demonstrates concrete steps taken with the intent to conduct such activity. Arrowhead Indus. Water, Inc., 846 F.2d at 736; SanDisk Corp v. STMicroelectronics, Inc., 480 F.3d 1372, 1379 (Fed. Cir. 2007).

In 2007, the Supreme Court rejected this so-call "reasonable apprehension" test and lowered the bar for declaratory judgment plaintiffs in patent cases. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-32 (2007); Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 902 (Fed. Cir. 2008). The Supreme Court held that the totality of the circumstances must show that the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, 549 U.S. at 127 (internal quotation marks and brackets omitted).

Following the Supreme Court's decision in MedImmune, the Federal Circuit held that the case or controversy requirement is met "where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that

3

which he claims a right to do." SanDisk, 480 F.3d at 1380-81. "[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise." SanDisk, 480 F.3d at 1380-81.

The Federal Circuit concluded that this more lenient legal standard facilitated and enhanced the availability of declaratory judgment jurisdiction in patent cases. Micron Tech., 518 F.3d at 902. Conduct that can be reasonably inferred as demonstrating an intent to enforce a patent can create declaratory judgment jurisdiction. Hewlett-Packard Co. v. Acceleron LLC, 587 F.3d 1358, 1363 (Fed. Cir. 2009).

Applying these legal principles to the facts in this case, the Court finds that the case-or-controversy requirement has been met. By (1) identifying its patents, (2) asserting what the patents cover, (3) identifying Plaintiff's specific product at issue, (4) asserting that product "may incorporate the technology of the patents," and (5) attempting to shift the burden to Plaintiff to show why the patents are not infringed (thereby implying an assumption that the products do infringe), Defendant presented Plaintiff with the dilemma that the MedImmune court held the Declaratory Judgment Act was intended to address. SanDisk, 480 F.3d at 1380-81. Jurisdiction before this Court is therefore proper. To find otherwise would require a hyper technical analysis of the wording of the letter in question, which is contrary to Federal Circuit precedent. Acceleron LLC, 587 F.3d at 1363; Micron Tech., 518 F.3d at 902; SanDisk, 480 F.3d at 1380-81.

### I11. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that

Defendant's "Motion to Dismiss" (document #6) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 25, 2012

David S. Cayer
United States Magistrate Judge