UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-88-RJC-DSC

| | |
|---|---|
| INVUE SECURITY PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MERCHANDISING ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on the following documents:

1. Defendant Merchandising Technologies, Inc.'s ("Defendant" or "MTI") Motion to Dismiss Plaintiff InVue Security Products, Inc.'s ("Plaintiff" or "InVue") Complaint for Declaratory Judgment ("Motion to Dismiss"), (Doc. No. 6);

2. Plaintiff's Response in Opposition to the Motion to Dismiss, (Doc. No. 11);

3. Defendant's Reply, (Doc. No. 12);

4. The Magistrate Judge's April 25, 2012 Memorandum and Recommendation ("M&R"), (Doc. No. 13), recommending the denial of the Motion to Dismiss;

5. Defendant's Objections to the M&R, (Doc. No. 14); and

6. Plaintiff's Reply to Objections to the M&R, (Doc. No. 15).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2012, Defendant's Chief Executive Officer Chris Remy sent a letter to Plaintiff's Chief Executive Officer Jim Sankey, seeking additional information about a product marketed by Plaintiff that he believed, based on the product's advertising copy, may incorporate Defendant's patented technology. Defendant asked Plaintiff to review Defendant's patents and

1

determine "specifically what differences exist between [Defendant's] products and the patented technology." The letter stated in relevant part:

> MTI is the owner of two recently issued patents, US Patent No. 7,744,404 and No. 7,909,641, both entitled CABLE MANAGEMENT SYSTEMS FOR PRODUCT DISPLAY. The '404 patent issued June 29, 2010 and the '641 patent issued March 22, 2011. The '641 patent, in particular, covers a swivel assembly for use with a connector cable assembly in an electronic product display.
>
> It has come to our attention that InVue markets a system called the "Series 1000 Swivel Camera Sensor." The advertising copy states that the "cable connection swivels inside [the] sensor" and that the swivel technology is "tangle free". These products may incorporate the technology of the patents referenced above.
>
> We would very much appreciate it if you would review these patents and let us know specifically what differences exist between InVue's products and the patented technology.

(Doc. No. 1-1).

In response to Defendant's letter, Plaintiff filed a Complaint on February 9, 2012, seeking a declaratory judgment that Plaintiff's product is not infringing on Defendant's purported patent rights and that Defendant's patents are not valid. (Doc. No. 1). On March 27, 2012, Defendant filed a Motion to Dismiss the Complaint, arguing that (1) the Court lacked subject matter jurisdiction over the matter; and (2) to the extent the Court may have such jurisdiction, it should decline to exercise it. (Doc. No. 6).

The Magistrate Judge issued an M&R on April 25, 2012, recommending that the Court deny Defendant's Motion to Dismiss. (Doc. No. 13). The Magistrate Judge found that subject matter jurisdiction under the Declaratory Judgment Act was met "[b]y [Defendant] (1) identifying its patents, (2) asserting what the patents cover, (3) identifying Plaintiff's specific product at issue, (4) asserting that product 'may incorporate the technology of the patents,' and (5) attempting to shift the burden to Plaintiff to show why the patents are not infringed (thereby implying an assumption that the products do infringe)." Id.

2

Defendant filed two objections to the Magistrate Judge's M&R. (Doc. No. 14). First, Defendant objects to the Magistrate Judge's finding that the type of inquiry letter Defendant sent to Plaintiff on February 1, 2012 alone is sufficient to constitute a dispute or controversy necessary for a declaratory judgment action. Second, Defendant objects to the Magistrate Judge's findings concerning the standard for the availability of declaratory judgments in patent cases.

After careful review of the parties' filings and the Magistrate Judge's M&R, this Court finds that Defendant's objections have merit. As a result, Defendant's Motion to Dismiss should be GRANTED without prejudice.

## II. STANDARD OF REVIEW

### A. Memorandum and Recommendation

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

3

Case 3:12-cv-00088-RJC-DSC   Document 16   Filed 07/03/12   Page 3 of 7

B.  Subject Matter Jurisdiction

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. FED. R. CIV. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The plaintiff has the burden of proving that subject matter jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., a Div. Of Standex Intern. Corp., 166 F.3d 642, 647 (4th Cir. 1999).

**III.  ANALYSIS**

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "a case of actual controversy" in the Act refers to the types of "cases" and "controversies" that are justiciable under Article III of the U.S. Constitution. 3M Co. v. Avery Dennison Corp., 673 F.3d 1372, 1376 (Fed. Cir. 2012) (citing Aetna Life Ins. v. Haworth, 300 U.S. 227, 239-40 (1937)).

In 2007, the Supreme Court replaced the reasonable apprehension test with the totality of the circumstances standard, which enhanced the availability of declaratory judgment jurisdiction

4

in patent cases. See MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 771, 774 n.11 (2007) (disagreeing with the Federal Circuit's "reasonable apprehension of imminent suit test" and reaffirming that the "actual controversy" requirement in the Declaratory Judgment Act is the same as the "Cases" and "Controversies" requirement in Article III); see also Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1339 (Fed. Cir. 2007) (applying the more lenient standard set forth by the Supreme Court in MedImmune); Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 902 (Fed. Cir. 2008) (same). For there to be a case or controversy under the new standard, a declaratory judgment plaintiff must show that "the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." MedImmune, 549 U.S. at 127. The Federal Circuit has held that a substantial controversy exists "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license." SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1381 (Fed. Cir. 2007)

      This Court finds that the totality of facts alleged do not show that "there is a substantial controversy between parties having adverse legal interestsof sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. Despite the more lenient actual controversy requirement, the Federal Circuit has held that "a communication from a patent owner to another party, merely identifying its patent and the other party's product line, without more, cannot establish adverse legal interests between the parties, let alone the existence of a definite and concrete dispute." Hewlett-Packard Co. v. Acceleron LLC, 587 F.3d 1358 (Fed. Cir. 2009). "How much more is required is determined on a case-by-case analysis." 3M, 673 F.3d at 1379;

5

see id. at 1381 (concluding that the patentee's statement that claim charts would be forthcoming and the history of patent litigation between the parties could constitute a case or controversy); Hewlett-Packard, 587 F.3d at 1363 (concluding that a case or controversy existed based upon the patent owner's assertion of a patent as relevant to the other party's specific product line, imposition of a short deadline for response, and insistence that the other party not file suit). Here, there are no factors that tend to demonstrate that a real and substantial dispute between the parties exists. Plaintiff relies exclusively on Defendant's February 1, 2012 letter as the jurisdictional basis for declaratory judgment. The plain language of the letter does not identify any activity or product as infringing any patent. Instead, the letter appears to function as a proffer of and request for information. Consequently, it does not establish an adverse legal position. This type of non-litigious communication alone is insufficient to establish a case of actual controversy. See Geospan Corp. v. Pictometry Intern. Corp., 598 F. Supp. 2d 968, 971 (D. Minn. 2008) ("[Defendant's] letter to [Plaintiff] was a means of gathering information regarding potential infringement, not an assertion of an already determined legal interest adverse to [Plaintiff]. Therefore, because the parties have not established positions of adverse legal interests, there is no substantial controversy . . . ."); Baker Hughes Oilfield Operations, Inc. v. Reedhycalog UK Ltd., No. 2:05-CV-931, 2008 WL 345849, at *3 (D. Utah Feb. 6, 2008) ("While [Defendant] had mailed several letters notifying [Plaintiff] of issued and pending patents, these letters did not indicate that [Defendant] had taken a position regarding infringement by [Plaintiff.] While [Defendant] was, in fact, evaluating possible infringement by [Plaintiff], the dispute had not yet become definite and concrete, touching the legal relations of parties having legal interests.")

The purpose of the Declaratory Judgment Act in patent cases is to prevent patent owners from attempting "'extra-judicial patent enforcement with scare-the-customer-and-run tactics that

infect the competitive environment of the business community with uncertainty and insecurity.'" Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1346 (Fed. Cir. 2005) (quoting Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 735 (Fed. Cir. 1988)). However, in the absence of such uncertainty and insecurity, the Court notes that it is in the public interest to allow parties to resolve matters privately, and is reluctant to exercise jurisdiction. Defendant's letter in this case does not put Plaintiff "in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." SanDisk, 480 F.3d at 1381. Consequently, Plaintiff has not adequately demonstrated that a controversy fit for judicial intervention exists. Arris Group, Inc. v. British Telecomms. PLC, 639 F.3d 1368, 1373 (Fed. Cir. 2011) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that an Article III case or controversy existed at the time the claim for declaratory relief was filed.").

Given the totality of the circumstances, the Court finds that Defendant's letter was insufficient to meet the actual controversy requirement in a declaratory judgment action, and should be dismissed for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 6), is **GRANTED** and Plaintiff's Complaint for Declaratory Judgment, (Doc. No. 1), is **DISMISSED without prejudice.**

Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge